\*\*Original filed 10/5/06\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNDELL HENDERSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>M.S. EVANS, et. al.,<br><br>　　　　Defendants. | No. C 05-0857 JF (PR)<br><br>ORDER TO SHOW CAUSE<br>REGARDING EXHAUSTION OF<br>ADMINISTRATIVE REMEDIES |

　　　Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against prison officials at Salinas Valley State Prison. The Court granted Plaintiff leave to proceed in forma pauperis in a separate order. According to the complaint, Plaintiff claims that he has not exhausted his administrative remedies prior to filing the instant action. Accordingly, the Court issues an Order to Show Cause to Plaintiff as to why the case should not be dismissed without prejudice for his failure to exhaust his administrative remedies.

\\\

\\\

**DISCUSSION**

In his complaint, Plaintiff alleges that he did not present his claim for review through the prison grievance procedure because "[he] will suffer 'irreparable injury' to attempt to use the current grievance procedure. As it is inadequate and does not offer any immediate, or speedy remedy to [him]." See Complaint at 2. Therefore, Plaintiff admits his administrative remedies were not exhausted prior to his filing this complaint.

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards." Id. Even when the relief sought cannot be granted by the administrative process, i.e., monetary damages, a prisoner must still exhaust administrative remedies. Id. at 2382-83 (citing Booth, 532 U.S. at 734). Finally, the mandatory exhaustion of available administrative remedies is not limited to suits under § 1983, but to any suit challenging prison conditions. Id. at 2383 (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)). The plain language of the PLRA requires that prior to filing suit, all "administrative remedies available [must be] exhausted." 42 U.S.C. § 1997e(a). An action must be dismissed unless the prisoner exhausted his available administrative remedies before he or she filed suit, even if the prisoner fully exhausts while the suit is pending. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed).

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by

1  those individuals as adversely affecting their welfare." See Cal. Code Regs. tit. 15, §
2  3084.1(a). It also provides its inmates the right to file administrative appeals alleging
3  misconduct by correctional officers. See id. § 3084.1(e). In order to exhaust available
4  administrative remedies within this system, a prisoner must proceed through several
5  levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate
6  appeal form, (3) second level appeal to the institution head or designee, and (4) third level
7  appeal to the Director of the California Department of Corrections. See id. § 3084.5;
8  Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). This satisfies the
9  administrative remedies exhaustion requirement under § 1997e(a). See id. at 1237-38.

10  Accordingly, the Court issues an Order to Show Cause to Plaintiff as to why this
11  case should not be dismissed for failure to exhaust his administrative remedies prior to
12  filing this action. Plaintiff shall file a response to the order to show cause **within thirty**
13  **days** from the date this order is filed. The Court notes that if Plaintiff has not fully
14  exhausted his administrative remedies prior to filing this action, the complaint will be
15  dismissed without prejudice and Plaintiff may file a new complaint, if needed, once he
16  has fully exhausted his administrative remedies. It is Plaintiff's responsibility to
17  prosecute this case. Plaintiff must keep the Court informed of any change of address by
18  filing a separate paper with the clerk headed "Notice of Change of Address." He must
19  comply with the Court's orders in a timely fashion or ask for an extension of time to do
20  so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule
21  of Civil Procedure 41(b).

22  IT IS SO ORDERED.
23  DATED:   10/4/06

JEREMY FOGEL
United States District Judge

Order to Show Cause Regarding Exhaustion of Administrative Remedies
P:\pro-se\sj.jf\cr.05\Henderson857oscexh         3

1 | A copy of this ruling was mailed to the following:
2
3 | Johndell Henderson
| D-78769
4 | Salinas Valley State Prison
| P.O. Box 1050
5 | Soledad, CA  93960-1050
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Order to Show Cause Regarding Exhaustion of Administrative Remedies
P:\pro-se\sj.jf\cr.05\Henderson857oscexh       4